# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEFANIE JACKSON,

        Plaintiff,　　　　　　　　　　Case Number: 08-12155

v.　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT
COMMISSIONER OF SOCIAL SECURITY,
　　　　　　　　　　　　　　　　　　　VIRGINIA M. MORGAN
        Defendant.　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff, Stephanie Jackson, appeals, *in pro per*, the Social Security Commissioner's partially favorable decision finding plaintiff disabled since May 25, 2004 and awarding her benefits. This case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

### II. Background

On May 5, 2003, plaintiff filed an application for Social Security for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), as a result of left ventricle congestive heart failure and dilated cardiomyopathy. (Tr. 61-63, 67). Plaintiff was 28 years old when she applied

1

for benefits. (Tr. 61). The Michigan state agency that makes disability determinations for the Social Security Administration initially denied plaintiff's application, concluding that plaintiff's condition was improving and her medical issues were not expected to remain severe enough to keep her from working twelve months in a row. (Tr. 34-35).

Plaintiff filed a timely request for a hearing by an administrative law judge. (Tr. 40). In April 2005, Administrative Law Judge (ALJ) Melvyn Kalt held a hearing, at which plaintiff and a vocational expert testified. (Tr. 198-213). After reviewing plaintiff's case, ALJ Kalt issued a partially-favorable decision, finding that plaintiff was entitled to benefits as of December 31, 2004. (Tr. 30).

ALJ Kalt applied the five-step sequential analysis set out in the SSA's regulations to determine whether plaintiff qualified for benefits. 20 C.F.R. § 404.1520(b)-(f). At step one, ALJ Kalt found that plaintiff had not performed substantial gainful activity since her alleged onset date of April 28, 2003. (Tr. 30). At steps two and three, the ALJ found that plaintiff had cardiomyopathy as of April 28, 2003, but had the residual functional capacity to work prior to December 31, 2004. (Tr. 30). At step four, the ALJ found that prior to December 21, 2004, plaintiff could have performed her past relevant work as a collection agent or clerk. (Tr. 30). Based on these findings, ALJ Kalt concluded that plaintiff was disabled, as defined by the Social Security Act, since December 31, 2004. (Tr. 30).

After receiving a partially-favorable decision from the ALJ, plaintiff appealed to the Appeals Council, arguing that the ALJ should have found her alleged onset of disability date to be April 28, 2003. (Tr. 20-21). The Appeals Council granted plaintiff's request for review and, on December 11, 2006, issued a partially-favorable decision in which the Appeals Council concluded that plaintiff

had been disabled since May 25, 2004. (Tr. 192, 16-18).

Plaintiff appealed the Appeals Council's partially-favorable decision, but the Appeals Council refused to reopen plaintiff's case and change its decision. (Tr. 5-6).

Thereafter, plaintiff initiated this civil action for judicial review of the denial of benefits during the period of April 28, 2003 and May 25, 2004, pursuant to 42 U.S.C. § 405(g).

On May 16, 2008, the Honorable Denise Page Hood referred this case to this court for the resolution of all non-dispositive motions and the issuance of a Report and Recommendation. (Doc. No. 2).

On July 25, 2008, defendant filed a motion to dismiss, arguing that plaintiff's complaint was not timely filed. (Doc. No. 5). The Appeals Council's notice of decision was dated January 5, 2008. Thus, Plaintiff must have filed a civil action on or before March 10, 2008. Plaintiff filed her complaint May 16, 2008. Plaintiff responded to defendant's motion on August 8, 2008, in which plaintiff argued that her complaint was timely because the Appeals Council sent the notice of decision to the wrong address. (Doc. No. 8)

On October 20, 2008, the court issued a Report and Recommendation, recommending that the district court grant defendant's motion to dismiss, unless plaintiff provided a valid mailing address to the court within thirty days. (Doc. No. 10).

On November 25, 2008, Judge Hood entered an order denying defendant's motion to dismiss and referring the case to this court for entry of a scheduling order including the filing of an Answer and Transcript. (Doc. No. 12). Subsequently, the parties filed the instant cross-motions for summary judgment.

**III. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

## IV. Analysis: Alleged Onset Date

It is undisputed that plaintiff is disabled. Plaintiff disputes the Commissioner's finding that the onset date of her disability was May 25, 2004; plaintiff argues that her disability onset date was April 28, 2003. Plaintiff contends that the ALJ erred: 1) by failing to give appropriate weight to her treating physician's opinion; 2) in evaluating the credibility of her testimony; and 3) improperly analyzing her residual functional capacity for sedentary work. Defendant responds that the Appeals Council's conclusion that plaintiff was not disabled between April 2003 and May 2004 is supported by substantial evidence and is legally sound.

4

"Once a finding of disability is made, the ALJ must determine the onset date of the disability." *McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 833 -834 (6th Cir. 2006). Social Security Ruling 83-20 governs the determination of disability onset date. That ruling provides that "[t]he onset date of disability is the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20 at *1. That ruling also provides

> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record. [SSR 83-20 at *3.]

Plaintiff contends that the ALJ's rejected her treating physician's, Dr. Westveer, opinion in determining her disability onset date. Defendant argues that the ALJ did not reject Dr. Westveer's opinion, and notes that plaintiff failed to cite a specific opinion that the ALJ failed to adopt.

The court concludes that the Commissioner's decision of a disability onset date of May 25, 2004, is supported by substantial evidence, including Dr. Westveer's opinion. Further, the court finds that the ALJ did not reject Dr. Westveer's opinion, and gave his opinion appropriate weight in making a decision concerning plaintiff's disability onset date.

On April 28, 2003, plaintiff was admitted to the hospital and diagnosed with biventricular congestive heart failure. (Tr. 110). After plaintiff's release from the hospital, Dr. Westveer first saw plaintiff on May 29, 2003, at which time he noted that plaintiff felt sleepy and lethargic after her morning medications but did not have "shortness of breath, orthopnea, PND or dependent edema." (Tr. 138). Dr. Westveer adjusted plaintiff's medications. (Tr. 138).

Dr. Westveer saw plaintiff again on July 14, 2003. (Tr. 153). During that office visit, Dr.

5

Westveer observed that plaintiff had no congestive symptoms and was active. (Tr. 153). Two months later, Dr. Westveer followed up with plaintiff and noted that there had been no change in her symptoms. (Tr. 150). "She still has mild shortness of breath on exertion, but this has been quite stable and she exercises regularly." (Tr. 150). In November 2003, Dr. Westveer wrote that plaintiff was "asymptomatic" with "no chest pain, shortness of breath, palpitations, syncope or near syncope." (Tr. 148). At a follow up visit in March 2004, Dr. Westveer observed that "from a cardiac standpoint, she is doing well." (Tr. 146).

The ALJ cited and considered Dr. Westveer's treatment notes, summarized above, in his decision. (Tr. 28-29). No where in the ALJ's opinion did the ALJ reject any of Dr. Westveer's opinions. In fact, Dr. Westveer did not opine that plaintiff was unable to work until March 2005 (Tr. 183), well after the May 25, 2004 disability onset date set by the Appeals Council. The evidence presented to the ALJ and the Appeals Council shows that plaintiff was able to perform sedentary work until her second hospitalization in May 2004. The Commissioner's determination of plaintiff's disability onset is supported by substantial evidence. Accordingly, plaintiff is not entitled to relief on this ground.

Plaintiff next argues that the ALJ erred in finding her testimony not entirely credible in light of the objective medical evidence. Defendant contends that substantial evidence supports the ALJ's credibility finding because the objective medical evidence contradicted plaintiff's testimony concerning her limitations.

The ALJ found that plaintiff was not fully credible because, contrary to her assertions, the medical record showed that she was doing well from a cardiac standpoint, was responding well to medication and she was asymptomatic. (Tr. 29).

Plaintiff's arguments that the ALJ's credibility determination was not supported by substantial evidence lack merit. The administrative record supports the ALJ's finding that plaintiff's testimony regarding her limitations was not entirely credible. The objective medical evidence shows that plaintiff was asymptomatic and active before her second hospitalization. There is nothing inherently erroneous in the ALJ's decision to rely on his own reasonable assessment of the record over the claimant's personal testimony. *See* S.S.R. 96-7p (stating that ALJs may rely on "[s]tatements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history" to assess credibility).

Thus, in light of this court's deferential approach to credibility assessments, plaintiff has failed to demonstrate that the ALJ's adverse-credibility finding was not supported by substantial evidence.

Lastly, plaintiff argues that the Commissioner erroneously determined that she was capable of performing sedentary work, based on the grid rules. Defendant responds that neither the ALJ or the Appeals Council relied on the "grid," and the grid is inapplicable to this case.

> The Secretary employs the Medical-Vocational Guidelines, also referred to as the "grid," in the fifth and final stage of the disability determination, after it has been determined that the claimant has not met the requirements of a listed impairment but is nevertheless incapable of performing past relevant work. At this point, the Secretary bears the burden of demonstrating that, notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy. *Cole v. Secretary of Health & Human Services*, 820 F.2d 768, 771 (6th Cir.1987); *Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir.1984).

*Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990).

In the instant case, the ALJ did not reach step five in the disability determination; his analysis ended at step four, where he decided that plaintiff was disabled but capable of performing

sedentary work prior to December 21, 2004. (Tr. 30). Accordingly, neither the ALJ nor the Appeals Council used the "grid" to evaluate plaintiff's ability to work. The grid is inapplicable to the facts in this case. Plaintiff's assertion that the Commissioner used the grid, and used it improperly, therefore, is without merit.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991).. The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion

and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: September 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 24, 2009.

                    s/Jane Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan